BLANCHE H. DAVID, d. b. a., *vs.* ABRAM E. FRANTZ, p. b. r.

1. LANDLORD AND TENANT—UNLAWFUL DETAINER—JUDGMENTS APPEALABLE—COURT OF COMMON PLEAS.

Under *Rev. Code* 1915, §§ 3763e, 3763h, as amended by 29 *Del. Laws, c.* 250, §§ 5, 8, providing that the right of appeal from the court of common pleas for New Castle County shall correspond to right of appeal from justices of peace, an appeal will not lie from judgment in landlord's action for possession against hold-over tenant, no appeal in forcible entry and detainer and hold-over cases being prescribed by *Rev. Code* 1915, §§ 4066–4084, defining right of appeal from justices of peace.

2. LANDLORD AND TENANT—UNLAWFUL DETAINER—JUDGMENTS APPEALABLE.

*Rev. Code* 1915, § 4034, providing for appeals from justices of the peace in action of debt made applicable to court of common pleas for New Castle county, does not authorize an appeal from judgment in landlord's action for possession against holding over tenant.

(*March* 25, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Reuben Satterthwaite, Jr.,* for appellant.

*Robert Adair* for respondent.

Superior Court for New Castle County, March Term, 1919.

APPEAL No. 2, November Term, 1918.

Action by Abram E. Frantz in the Court of Common Pleas for New Castle county against Blanche H. David as holding over tenant .Judgment for plaintiff, for possession, damages, and costs. Defendant appeals. On motion to dismiss the appeal. Motion granted.

See, also, 104 *Atl.* 779.

BOYCE, J:—The statute creating the Court of Common Pleas for New Castle county is *Chapter* 250, 29 *Laws of Delaware*, 821.

*Section* 5 (*Code*, § 3763e), provides:

" * * * The said court shall also have concurrent jurisdiction in actions of forcible entry, detainer and holding over of tenants. * * * "

*Section* 8 (*Code* § 3763h), provides:

"From any order, ruling, decision, or judgment of said court, the aggrieved party shall have the rights of appeal or certiorari, to the Superior Court of New Castle County, in the same manner as is now provided by law as to causes tried before Justices of the Peace."

[1, 2]   The right of appeal from the Court of Common Pleas, is controlled by the statute creating said court and is circumscribed by the phrase in the statute "in the same manner as is now provided by law as to causes tried before justices of the peace"; justices' jurisdiction in forcible entry, detainer, and holding over cases is prescribed by *Chapter* 123, *Rev. Code* 1915, *page* 1856, etc.   No appeal from justices of the peace to this court in such cases is provided for by the last-mentioned statute; and, therefore, there is no appeal from the Court of Common Pleas in such a case.   Appeals from judgments of justices of the peace provided for in actions of debt (*Rev. Code* 1915, § 4034) have no application to a case of a landlord against a holding over tenant whether tried before a justice of the peace or in the Court of Common Pleas.   There is no appeal from the judgment of the Court of Common Pleas in this case.

The appeal is, therefore, dismissed.