**BOMBA'S RESTAURANT & COCKTAIL LOUNGE, INC., Defendant-Appellant,**

v.

**LORD DE LA WARR HOTEL, INC., Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted Feb. 13, 1978.

Decided June 13, 1978.

Richard S. Gebelein of Wilson & Whittington, Wilmington, for defendant-appellant.

David H. Williams of Morris, James, Hitchens & Williams, Wilmington, for plaintiff-appellee.

DUFFY, Justice.

This case involves the appellate rights of a tenant ordered out of possession by a Justice of the Peace acting under the Landlord-Tenant Code. 25 *Del.C.* ch. 57.

### I.

The facts are these:

Lord De La Warr Hotel, Inc. (plaintiff), leased for a term of years a restaurant and related facilities to Bomba's Restaurant & Cocktail Lounge, Inc. (defendant). The lease is an eight page document, providing for a ten year term with renewal options and a total rent of $60,000; the tenant was required to spend $30,000 for improvements during the first year. Defendant took possession and began operation.

Alleging breach of the lease in two respects (failure to meet health standards and to serve breakfast), plaintiff filed a complaint in a Justice of the Peace Court seeking a summary eviction of the tenant. Defendant attempted to defend by showing that it had complied with health standards, that it served breakfast, and that the lease had been modified. The tenant also relied on waiver, estoppel and laches. After hearing, the Justice of the Peace entered the following order:

"This case comes before the court for possession of a restaurant and court costs whereby the plaintiff alleges failure to comply with the lease.

Plaintiff alleges failure in particular with the meal providence [sic], and compliance with the appropiate [sic] health requirement.

This court does not believe the defendant has in good faith attempted to comply with the requests of the county public health investigation, as a professional restaurant owner would be expected to. Additionally the atmosphere of his restaurant in failing to serve a hot American breakfast could deter clients from plaintiffs motel and directly reflect on its profits.

Possession and court costs are awarded to plaintiff."

The tenant appealed to the Superior Court which concluded that it lacked "jurisdiction to hear an appeal from a decision of the Justice of the Peace in a landlord action for securing possession under 25 *Del.C.* §§ 5701–5715." The Court cited an unreported opinion and *Hopkins v. Justice of the Peace Court No. 1,* Del.Super., 342 A.2d 243 (1975). This appeal then followed.

### II.

On September 28, 1972, a new Landlord-Tenant Code became effective in Delaware. 58 *Del.L.* ch. 472, now 25 *Del.C.* § 5101 et seq. The declared legislative purpose was:

"(1) to simplify and clarify the law governing landlord and tenant relationships;

"(2) to encourage landlords and tenants to maintain and improve the quality of housing in the State; and

"(3) to revise and modernize the law of landlord and tenant to serve more realistically the needs of a modern day society."

In the years since 1972, the Legislature has amended the Code, presumably in efforts to improve it. See, for example, §§ 5509, 5511 and § 5713, among others.

While the Code has been the subject of some controversy and comment, and trial court litigation, cf. *Hopkins v. Justice of the Peace Court No. 1,* supra, there is not a reported decision by this Court construing any part of it. And here, of course, we focus only on appellate rights.

It is undisputed that, under the Code, jurisdiction is vested in a Justice of the Peace Court to hear and determine a "summary proceeding" to recover possession of real property; 25 *Del.C.* § 5701 so provides:

"A summary proceeding to recover the possession of premises may be maintained in a Justice of the Peace Court in the county where the property is located."

By an amendment effective July 11, 1975, either party may demand a trial by jury in such an action; 25 *Del.C.* § 5713 reads as follows:

"(a) In any civil action commenced pursuant to this chapter the plaintiff may demand a trial by jury at the time the action is commenced, and the defendant may demand a trial by jury within 5 days after being served. Upon receiving a timely demand, the justice shall appoint 6 impartial persons of the county in which the action was commenced to try the cause. In making such appointments, the justice shall appoint such persons from the jury list being used at time of appointment by the Superior Court in the county where the action was commenced.

(b) The jury shall be sworn or affirmed that they will 'faithfully and impartially try the cause pending between the said . . . plaintiff and . . . defendant and make a true and just report thereupon according to the evidence' and shall hear the allegations of the parties and their proofs. If either party fails to appear before the jury, they may proceed in his absence. When the jury or any 4 of them agree, they shall make a report under their hands and return the same to the justice who shall give judgment according to the report.

(c) If any juror appointed fails to appear or serve throughout the trial the justice may supply his place by appointing and qualifying another, but there shall be no trial by jury if the defendant has not appeared.

(d) In all other cases the justice shall hear the case and give judgment according to the right of the matter and the law of the land."

Other sections provide for compelling attendance of jurors, § 5714, execution of judgment, § 5715, and for a stay of proceedings, § 5716.

But whether the judgment of the Magistrate is based on his own finding or that of a jury, under the decisional law announced by the Superior Court, that judgment is final and non-appealable. In an unreported opinion that Court ruled as follows in *Woodlawn Trustees, Inc. v. Billips,* 5415 C.A. 1972 (1972):

"It has long been the law in Delaware, notwithstanding the appeal statute for debt, that appeals to the Superior Court do not lie in suits for possession and rent in 'Hold Over Tenant' cases. *David v. Frantz,* 7 Boyce 293, 105 A. 837 (Super.Ct. 1919). Nothing in the new statute, 58 Del. Laws Ch. 472, suggests the legislature desired to change the law. Indeed, the extraordinary provision for an appeal to a three justice court within the Justice of the Peace system evidences an express legislative intent to keep such matters out of the Superior Court. If this construction of Delaware statutes was questionable when adopted over fifty years ago, in light of continued legislative acceptance of the construction, it is now too well established to be altered by Court decision.

The motion to allow an appeal is denied . . . ."

Then, in *Hopkins,* decided June 13, 1975, the Superior Court held that the Code, to the extent it denied a jury trial to litigants in a summary proceeding, was unconstitutional;[1] for that reason, a writ of prohibition

---

1. In *Hopkins,* the Court, after reviewing the history of summary actions for possession in Delaware, said this:

"It is clear from the history of the repossession statute that its origin lies in the common law action of ejectment. For over one hundred

issued preventing a landlord from prosecuting possession actions against tenant in a Justice of Peace Court. Less than one month later, the Legislature corrected the constitutional deficiency by enacting § 5713 in its present form, which creates a right to jury trial in a Justice of the Peace Court.

With the right to jury trial now revested in Magistrate Court by the new § 5713, the Superior Court ruled as follows in this case:

"After a review of the briefs in the above referenced matter, I conclude that the Superior Court lacks jurisdiction to hear an appeal from a decision of the Justice of the Peace in a landlord action for summary possession under 25 *Del.C.* § 5701–5715. *Woodlawn Trustees, Inc. v. Billips,* an unreported decision of Judge Quillen in Civil Action No. 5415, 1972; *Hopkins v. Justice of the Peace Court No. 1,* Del.Super., 342 A.2d 243 (1975).

Accordingly, the appeal must be dismissed."

We agree with the analysis of the law and the conclusions reached by the Superior Court in these cases. This is to say that, historically, the Superior Court has not had jurisdiction over an appeal from a Magistrate Court in a case involving a summary action for possession of real property.

### III.

■ Turning now to Bomba's first argument, it contends that an appeal does lie from the ruling of a Magistrate in a summary possession proceeding by virtue of 10 *Del.C.* § 9570(a), which reads:

"A party against whom a judgment is given by a justice of the peace may appeal to the Superior Court if the judg-

eighty years a summary repossession proceeding has existed within the jurisdiction of the Justices of the Peace, with one essential element intact—the right to demand trial by jury.

2. In *David,* the Court said:
   "Appeals from judgments of justices of the peace provided for in actions of debt (Rev. Code 1915, § 4034) have no application to a case of a landlord against a holding over tenant whether tried before a justice of the peace or in the court of common pleas."

ment is given without a referee trial, and the amount exceeds $5, exclusive of costs."

The contention is that the "value of the possession" of the property (the restaurant) clearly exceeds $5.00.

The difficulty with this argument is that § 9570(a) or a similar statute has been on the Delaware law books for more than 125 years, *Revised Code* 1852 § 2138, and it has never been construed to apply to an action for possession. Indeed, as we already indicated, the Superior Court has held in many cases that it did not have appellate jurisdiction in possessory actions. See *David v. Frantz,* supra,[2] for example.

We are unable to find in the history of § 9570(a), or as construed by the Courts, any reasonable basis for now reading into it a legislative intent to authorize an appeal from a Justice of the Peace Court in a summary proceeding for possession.

### IV.

■ While we conclude that our law does not provide for appellate review of a ruling by a Justice of the Peace in a summary proceeding to recover possession of premises, it does not follow that this decision ends the controversy. Indeed, the very language of the Statute indicates that it is narrow in scope and purpose: § 5701, which vests the jurisdiction, provides for a "summary proceeding". That phrase is defined in *The Random House Dictionary* as "a mode of trial authorized by statute to be held before a judge without the usual full hearing". We think that that accurately describes what is intended by 25 *Del.C.* ch. 57, for two reasons:

The *Rev.Code* 1915 § 4034 provided in part:
   "Appeals shall be allowed from judgments, given by justices of the peace, to the Superior Court, as follows: —First, from every judgment given by the justice, without referee trial, to an amount exceeding five dollars, exclusive of costs, the party against whom such judgment shall be given, may appeal;
   . . ."
In substance, the provision is the same as 10 *Del.C.* § 9570(a).

First, one of the statutory purposes is to "simplify" landlord-tenant law, § 5101; and prompt settlement of the right to possession issue is usually significant and often urgent for obvious reasons—including household security and peace, the preservation of a commercial interest or the protection of improvements. The detailed procedure outlined in 25 *Del.C.* ch. 57 provides for prompt judicial resolution of the possession issue. But, and we emphasize this, it does no more. In short, the "possession" issue is both the purpose and the limitation of the Statute.

Second, the jurisdiction of a Justice of the Peace Court in civil actions for debt and trespass is limited to cases in which the matter in controversy does not exceed $1,500. 10 *Del.C.* §§ 9301, 9303. And that is consistent with the Court's traditional status as one of limited jurisdiction with authority derived solely from statute. See *Johnson v. Hamilton,* Del.Super., 185 A.2d 70 (1962); *Townsend v. Harmon,* Del.Super., 171 A.2d 178 (1933); and *In re Thorne,* Del.Super., 93 A. 557. There is nothing in the summary possession statute which in any way reflects a legislative intention to enlarge the jurisdictional limits of 10 *Del.C.* § 9301 or § 9303. On the contrary, the emphasis on a "summary" (as distinguished from "plenary" or "full") hearing shows an intent to confine it solely to the possession issue.

The result is, in our judgment, that 25 *Del.C.* ch. 57 amounts to no more than that which it stated on its face: a statutory proceeding to try the right to possession—only. That proceeding may be broadened by a party who invokes 10 *Del.C.* § 9301, or another statute, which gives the Justice of the Peace Court jurisdiction to hear and determine a controversy when the matter in issue does not exceed $1,500. But the "pos-

session" aspect of the statutory plan is limited to that.

It therefore follows that any other matters in controversy between parties to a lease must be settled by a Court competent to hear them.[3] We recognize that this result permits the splitting of a cause of action under a lease agreement but, given the law as we see it, there is no reasonable alternative available. And the relationship of two such actions, over essentially the same controversy is unsettled. In this appeal, however, we can do no more than recognize this and suggest that the Superior Court and the Justice of the Peace Court attempt by Rule to settle some of the procedural problems.

There will be, quite plainly, a relationship between a summary suit over possession tried, initially and finally without appellate review, in a Justice of the Peace Court and a plenary action between the same parties over the same lease in another court—the Superior Court, for example. The testimony of the parties and other witnesses as to the terms of the lease, the conduct of he parties under it and breaches thereof should be preserved at the first trial so that consistency may be tested and, hopefully, duplication will be minimized. To achieve this, under the "dual trial" which is necessarily permissible under the statutory plan, we direct, effective September 1, 1978, that all trials or other dispositive proceedings under 25 *Del.C.* ch. 57 be electronically or stenographically recorded. Compare *Shoemaker v. State,* Del.Supr., 375 A.2d 431, 443 (1977) and *State v. Casto,* Del.Supr., 375 A.2d 444, 450 (1977) which required similar recordings for certain criminal proceedings.

■ Applying the foregoing principles to this case, the Superior Court properly deter-

---

**3.** In an unreported Superior Court opinion, *Walker v. Fala,* 1122 Civil Action 1974 (2/25/77), Judge Christie made rulings in a case involving a lease, as to which there had been a prior action for possession in a Justice of the Peace Court; he said:

"Because of the provisions of 25 *Del.C.* § 5711(b) and because a fair resolution of the issues requires it, I conclude, at least as to

those claims and counterclaims which were believed to exceed the jurisdictional limits of the Magistrate's Court, that such claims may be separately litigated in Superior Court even when (as was the situation in the case) the counterclaim now asserted might have been found to be an absolute defense in the possession suit."

mined that it is without jurisdiction to hear Bomba's appeal. But this ruling is without prejudice to Bomba's right to litigate all other controversies over the lease (except the right to possession) in a court of competent jurisdiction.

In view of our conclusion as to Bomba's right of action on the contract, we do not reach its due process argument.

Affirmed.