Ronald WILKERSON, Petitioner, Appellant,

v.

JUSTICE OF THE PEACE COURT NO. 5, Justice of the Peace Court No. 4, Justices of the Peace Norman Baker, Aubrey Hudson, William Hopkins and Thomas Orr, and Carvel Gardens Apartments and Better Homes of Laurel, Inc., real parties in interest, Respondents, Appellees.

Supreme Court of Delaware.

Submitted March 13, 1979.

Decided April 2, 1979.

H. William Schab, Jr., Georgetown, for petitioner, appellant.

Lawrence B. Steele, III, Georgetown, for respondents, appellees Carvel Gardens Apartments and Better Homes of Laurel, Inc.

Before DUFFY, McNEILLY and QUILLEN, JJ.

DUFFY, Justice:

This is an appeal from an order of the Superior Court denying a writ of prohibition sought by Ronald Wilkerson, (petitioner), to prevent the retrial of a summary proceeding for possession of premises brought by Better Homes of Laurel, Inc., and Carvel Gardens Apartments (together referred to as "Better Homes").

I

Better Homes initiated the summary proceeding against Wilkerson in a Justice of the Peace Court, apparently because he was delinquent in payment of rent. Wilkerson requested and obtained a jury trial. See 25 Del.C. § 5713. The jury returned a verdict for Wilkerson, and judgment was entered thereon.

Better Homes then requested a review of the judgment under Justice of the Peace Court Civil Rule 14(e).[1] Thereafter, Wilkerson moved to dismiss such review on the ground that § 5713 does not provide for a right of appeal.

The three-Judge Court, convened pursuant to Rule 14(e), determined that the appellate process established by that Rule did not have statutory authorization and was, therefore, invalid. See also *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.,* Del.Supr., 389 A.2d 766 (1978). Thereafter, the Court dismissed the appeal but concluded that, in the interest of justice, Better Homes' Rule 14(e) request for review should be regarded as a Rule 20(c) motion for a new trial.[2] In *dicta,* the Court opined that the motion should be granted.

By letter to the Trial Judge, Better Homes requested that its Rule 14(e) request be treated as a Rule 20(c) motion for a new trial. The parties then received notice that a new trial had been granted and scheduled for hearing.

Wilkerson then petitioned the Superior Court for a writ of prohibition to prevent the new trial. That Court denied relief and petitioner docketed this appeal.

II

After the jury verdict in favor of Wilkerson, Better Homes followed the procedure established by Rule 14(e) for review of the judgment. Indeed, the Justice of the Peace Court order on the jury verdict specifically refers to the three-Judge Court procedure. At the time, the Justice of the Peace Court had not ruled on the validity of Rule 14(e), so Better Homes' reliance thereon was rea-

1. Rule 14(e) provides as follows:

"After the jury has returned its verdict, the judgment shall be final. If either party of the suit shall feel aggrieved by the judgment rendered in this proceeding, he may request, within five days after the judgment, a review by an appellate court composed of three justices of the peace as appointed by the chief magistrate of the county. This review shall be on the record, and the party seeking the review must designate with particularity the points of law which he feels were erroneously administered at the trial-court level."

2. J.P.Ct.Civ. Rule 20(c) provides as follows:

"New Trials. A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have been heretofore granted in the Superior Court. On a motion for a new trial, the Court may open the judgment if one has been entered, take additional testimony and direct the entry of a new judgment. The motion for a new trial shall be served on the opposing party and filed with the Court not later than 10 days after the entry of the judgment. The motion shall briefly and succinctly state the grounds therefor. The Court shall schedule a hearing on the motion no later than 5 days from the filing of the motion."

sonable.[3]  Once the three-Judge Court had ruled on the validity of Rule 14(e), then, in our opinion, fairness required that plaintiffs' request for review be regarded as a motion for a new trial.  Viewed as such, the motion was timely filed.[4]

The terms of Rule 20(c), however, entitle Wilkerson to a hearing on the motion for a new trial.  Specifically, the Rule states that the Trial Judge "*shall* schedule a hearing on the motion."  (Emphasis added.)  A hearing was not held before the parties were notified by the Clerk of the Justice of the Peace Court that the motion for a new trial had been granted and a date scheduled.  Hence, Wilkerson has not had a chance to be heard on the motion.  He must be given that right before the judgment he has won is set aside and a new trial ordered.

To assure that Wilkerson will have his right to be heard, we remand this case to the Superior Court under a mandate to grant the writ of prohibition *unless,* within thirty days from the date of our mandate, the Justice of the Peace Court vacates the order granting a new trial to Better Homes and schedules its motion for such relief for hearing when Wilkerson may be heard. Generally, of course, such a motion should be heard by the Judge who tried the case but if he is disqualified because of his prior ruling, or is unavailable for any reason, it may be heard by any Judge to whom the case is assigned.

Remanded.

---

**3.** We make no comment on the determination by the three-Judge Court that Rule 14(e) is invalid, because that ruling is not before us in this appeal.

**4.** Wilkerson contends that the motion for a new trial was not timely made because it was not filed within ten days after the entry of judgment.  However, the Rule 14(e) request was filed within that ten-day period and the letter requesting a new trial was sent within ten days of the three-Judge Court's decision on the validity of Rule 14(e).