**In the Matter of Charles CARDONE, Theresa Cardone, Debtors.**

**Alvera PARKS, d/b/a Enchanted Acres, Inc., Plaintiff,**

**v.**

**Charles CARDONE, Theresa Cardone, Defendants.**

Bankruptcy No. 89–183.
Motion No. 89–73.

United States Bankruptcy Court, D. Delaware.

May 25, 1989.

Patrick Scanlon, Dover, Del., for plaintiff.

Edward C. Gill, Georgetown, Del., for debtors/defendants.

## BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

Alvera Parks, the owner of a mobile home community known as Enchanted Acres, has moved for relief from the automatic stay provisions of § 362(a) of title 11, United States Code, for the purpose of proceeding upon a writ of execution for possession issued out of a Delaware Justice of the Peace Court. Charles and Theresa Cardone, Chapter 7 debtors, are tenants of Parks having placed their mobile home on one of the lots in the community.

Cardones' bankruptcy case was filed April 3, one day before a scheduled eviction. The dispute between the parties arises out of Cardones' failure to pay lot rental since April 1988 and their charges that no rent is due until Parks corrects a septic system problem.

The issues raised were, at Cardones' request, tried before a jury which returned a verdict against the Cardones. An order of judgment dated January 19, 1989 encompassing the jury verdict was appealed and reviewed by an appellate court comprised of three Justices of the Peace who entered an order February 10 dismissing the appeal. A subsequent motion for relief from judgment was denied on March 3. On March 17, the court entered an order permitting the Cardones to appeal to Superior

Court but limited the appeal to only non-possession issues.

Parks asks for relief under 11 U.S.C. § 362(d)(1) for cause. The Cardones contend that they are entitled to appeal all aspects of the judgment; therefore, until there is a trial *de novo* in Superior Court, Parks is not entitled to relief.

The Supreme Court of Delaware in *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766, held that there is no right of appeal to the Superior Court on a writ of possession. In reaching that conclusion, the court noted that while this result permits the splitting of a cause of action under a lease by virtue of other statutes permitting appeal on other matters in controversy, it does not extend to an action for possession under 25 *Del.C.* § 5701 and following.

The evidence discloses that the Cardones' Chapter 7 is a no asset case. They have not paid any lot rental since the filing of their bankruptcy case in April and have no intention of paying rental pending resolution of their appeal to Superior Court on the money part of the Justice of the Peace judgment.

Mellon has asked the court not to grant relief because they have not had ample time to ascertain whether they intend to enter into a reaffirmation agreement with the Cardones. The testimony as to whether reaffirmation is possible is inconsistent. Although the schedules and statements reflect such an intention, Mrs. Cardone's testimony was to the effect that is what she wanted and intended to do and then she said they could not afford to. Moreover, that issue isn't pertinent to a resolution of whether Parks is entitled to relief. Parks has satisfied the requirements of § 362(d)(1). That section is written in the disjunctive and there is no requirement that both subsections be satisfied.

Having so found, an order granting relief will be entered today.