# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| NEWARK SHOPPING CENTER OWNER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-01-053 JRJ |
| | ) | |
| PIZZA UNIVERSITY OF DELAWARE, INC. D/B/A/ PIZZA UNIVERSITY and WILLIAM KEENEY and MARCIA HEPPS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW TO WIT,** this 14th day of July, 2016, upon consideration of Defendants William Keeney and Marcia Hepps' Motion to Dismiss[1] and Plaintiff Newark Shopping Center's response,[2] **IT APPEARS THAT:**

1. On November 6, 2004, Defendant Pizza University of Delaware, Inc. ("Pizza University") entered into a commercial lease agreement ("Lease") with FW-Newark, LLC for 628 Newark Shopping Center, Newark, Delaware (the "Property").[3] In connection with the Lease, William Keeney and Marcia Hepps

---

[1] Individual Defendants' Motion to Dismiss ("Defs.' Mot. Dismiss") (Trans. ID. 58701339); Individual Defendants' Reply in Support of Their Motion to Dismiss ("Defs.' Reply") (Trans. ID. 58926430).

[2] Plaintiff's Response to Individual Defendants' Motion to Dismiss ("NSC Resp. Mot. Dismiss") (Trans. ID. 58867011).

[3] Compl.¶¶ 4–5 (Trans. ID. 58701339); Compl., Ex. A (the "Lease").

(the "Individual Defendants") entered into a "Guaranty of Lease."[4] On May 30, 2008, FW-Newark, LLC assigned its interests in the Property to Plaintiff Newark Shopping Center Owner, LLC ("NSC").[5]

2. On June 26, 2012, NSC filed an action against Defendant Pizza University and the Individual Defendants in the Justice of the Peace Court, No. 13 ("JP Court Action").[6] In the JP Court Action, NSC sought summary possession of the Property as well as damages for Defendant Pizza University's failure to remain open as required by Section 8.3 of the Lease.[7] NSC claimed damages in excess of $60,000.00 at the time of the JP Court Action, but sought only $15,000.00—the jurisdictional limit of the JP Court.[8] The JP Court entered judgment against Defendant Pizza University for possession of the Property, $15,000.00 in damages, and costs.[9] The claim against the Individual Defendants was dismissed because NSC's right the enforce Section 8.3 of the Lease was waived when Defendant Marcia Hepps was given permission to renovate the property.[10]

3. On January 25, 2013, NSC obtained possession of the Property.[11] NSC appealed the JP Court judgment, and a trial *de novo* on the issue of damages was

---

[4] *Id.* ¶ 4.
[5] *Id.* ¶ 5.
[6] *Id.* ¶ 9; Defs.' Mot. Dismiss, Ex. A ("JP Court Action Compl.").
[7] JP Court Action Compl.
[8] *Id.*; 10 *Del. C.* § 9301.
[9] Compl. ¶ 12.
[10] Defs.' Mot. Dismiss, Ex. B.
[11] Compl. ¶ 13.

held in the JP Court before a three judge panel.[12] On March 13, 2013, the panel entered judgment against Defendant Pizza University and the Individual Defendants for $15,000.00 and costs.[13]

4. NSC filed the instant action (the "Superior Court Action") on January 8, 2016, seeking to recover "outstanding damages, liquidated damages, costs, attorney's fees, other fees, and interest arising from Defendants' breach of [the Lease]."[14] The damages NSC seeks to recover in Superior Court include "deficiency" damages that NSC could not recover in the JP Court due to the JP Court's $15,000.00 jurisdictional limit.[15] The Individual Defendants move to dismiss, arguing that the doctrine of *res judicata* bars any recovery.

5. *Res judicata* bars a claim where:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to [the plaintiff] in the case at bar; and (5) the decree in the prior action was a final decree.[16]

---

[12] 25 *Del. C.* § 5717 (authorizing an aggrieved party in a summary possession action to request a trial *de novo* before a three judge panel).

[13] Compl. ¶ 14.

[14] *Id.* ¶ 16.

[15] *Id.* ¶ 7.

[16] *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006) (citing *Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. 2001)).

3

"*Res judicata* exists to provide a definite end to litigation, prevent vexatious litigation and promote judicial economy."[17] Stated differently, "the doctrine of *res judicata* serves to prevent a multiplicity of needless litigation of issues by limiting parties to one fair trial of an issue or cause of action which has been raised or should have been raised in a court of competent jurisdiction."[18]

6. Delaware follows a transactional approach to *res judicata*.[19] Thus, "[u]nder Delaware law, *res judicata* bars litigation between the same parties if the claims in the later litigation arose from the same transaction that forms the basis of the previous adjudication."[20] "Generally, a contract is considered to be a single 'transaction' for the purpose of claim preclusion."[21] However, "[c]ontractual rights that are triggered and pursued after the initial action is filed [] are not barred by *res judicata* because a prior judgment 'cannot be given the effect of extinguishing claims which did not even then exist.'"[22]

7. An action for summary possession under 25 *Del. C.* § 5701 is a statutory proceeding to resolve a dispute between a landlord and a tenant over the right of

[17] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009) (first citing *Maldonado v. Flynn*, 417 A.2d 378, 381 (Del. Ch. 1980); then citing *Playtex Family Prods., Inc. v. St. Paul Surplus Lines Ins. Co.*, 564 A.2d 681, 683 (Del. Super. 1989)).

[18] *Id.* at 192 (quoting *Taylor v. Desmond*, 1990 WL 18366, at *2 (Del. Super. Jan. 25, 1990), *aff'd*, 1990 WL 168243 (Del. Aug. 31, 1990)).

[19] *Id.* at 193 (first citing *Kossol v. Ashton Condominium Ass'n*, 1994 WL 10861, at *2 (Del. Jan. 6, 1994); then citing *Maldonado*, 417 A.2d at 381).

[20] *Kossel*, 1994 WL 10861, at *2 (citing *Maldonado*, 417 A.2d at 382–83).

[21] *LaPoint*, 970 A.2d at 194 (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1336 (10th Cir. 1988)).

[22] *Id.* (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)).

4

possession,[23] and the JP Court has exclusive jurisdiction over actions for summary possession.[24] Because the JP Court is a court of limited jurisdiction, it will not always be possible for a litigant seeking summary possession to receive complete relief in the JP Court for all claims relating to the transaction(s) at issue.[25] In *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, the Delaware Supreme Court held that Delaware law permits a litigant seeking summary possession to split his or her cause of action and try the action for summary possession in the JP Court while maintaining "a plenary action between the same parties over the same lease in another court."[26]

8. In *Jezyk v. Brumbaugh*, this Court considered whether *res judicata* barred a defendant-landlord's counterclaim for delinquent rental payments when the landlord previously sought summary possession and back-rent in the JP Court.[27] Similar to this case, in *Jezyk*, at the time the landlord sought summary possession,

---

[23] *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766, 770 (Del. 1978).

[24] 25 *Del. C.* § 5701.

[25] *Bomba's*, 389 A.2d at 770 ("There is nothing in the summary possession statute which in any way reflects a legislative intention to enlarge the jurisdictional limits of [the JP Court]"); *cf. Mells v. Billops*, 482 A.2d 759, 761 (Del. Super. 1984) (holding that *res judicata* barred the plaintiff from maintaining a second suit in the Superior Court for a personal injury claim when the plaintiff "voluntarily chose to split his claim and obtained a judgment for property damage in the Justice of the Peace Court, which has no jurisdiction to address personal injury claims.").

[26] *Bomba's*, 389 A.2d at 770; *cf. Maldonado*, 417 A.2d at 382 ("The rule against claim splitting is an aspect of the doctrine of res judicata and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.").

[27] *Jezyk*, 1995 WL 264555, at *11.

the landlord also claimed damages in excess of the JP Court's jurisdictional limit.[28] In *Jezyk*, the Court held that because the landlord could have—but did not—split his cause of action at the time summary possession was sought,[29] "well-settled principles of *res judicata* dictate that . . . [the landlord is] barred from recovering arrearages existing at the time of the JP Court proceeding but not recovered in that action due to the JP Court's [] jurisdictional limit."[30]

9. NSC argues that *res judicata* does not bar the Superior Court Action because: (1) actions seeking summary possession of property against a tenant can only be brought in the JP Court; (2) the jurisdictional limit in the JP Court is $15,000.00; and (3) in the JP Court Action Complaint, NSC "specifically[] and explicitly reserved its right to file a deficiency action in a court of competent jurisdiction."[31] NSC further argues that *res judicata* cannot completely bar its recovery because in addition to "deficiency" damages arising from Defendant Pizza University's failure to remain open as required by Section 8.3, NSC is seeking to enforce Defendant Pizza University's obligation under Section 19.2 to pay rent throughout the term of the Lease.[32]

---

[28] *Id.* In *Jezyk*, the landlord's claim for delinquent rent "include[d] arrearages which existed at the time of the JP Court proceeding but which were not recovered in that action due to the JP Court's [] jurisdictional limit." *Id.*

[29] *Id.* at *12 (citing *Bomba's*, 389 A.2d at 770).

[30] *Id.* (first citing *Mells*, 482 A.2d at 761; then citing Restatement (Second) of Judgments § 24 cmt. g (1982)).

[31] NSC Resp. Mot. Dismiss ¶ 1 (emphasis omitted).

[32] *Id.* ¶ 12.

6

10. Under Section 19.2, following termination of Pizza University's right of possession, Pizza University "shall be liable for additional damages," including the option of "Minimum Rent, Percentage Rent (if applicable) and additional rent which would have become due during the remainder of the Lease Term, *less* the amount of rental, if any, which the Landlord receives . . . from others to whom the Premises may be rented."[33] Until the Lease term ended "effective March 31, 2015," the total "amount of rental" NSC received from another tenant remained unknown.[34] Thus, NSC argues the damages it seeks under Section 19.2 accrued after, and independent from, the July 2011 to April 26, 2013, breach of Section 8.3 that was adjudicated in the JP Court Action.[35]

11. In opposition, the Individual Defendants argue that Section 19.2 was triggered by the breach of Section 8.3, and therefore, NCS's Section 19.2 claim was part of same transaction litigated in the JP Court Action.[36] According to the Individual Defendants, NSC could have, but did not, split its cause of action at the time of the JP Court Action, and had NSC split its cause of action, it could have recovered the full amount of damages in the Superior Court. Thus, the Individual

---

[33] Lease § 19.2 (emphasis added).
[34] Compl. ¶ 8.
[35] *Id.*
[36] Defs.' Reply ¶¶ 7–8.

7

Defendants maintain that *res judicata* bars NSC from seeking recovery in the Superior Court Action.[37]

12. The basis of the JP Court Action was Defendant Pizza University's default under Section 8.3 of the Lease. In connection with that claim, NSC sought "rent or fees which accrue between the time of filing of this Complaint and trial" but not "additional damages" provided for in Section 19.2.[38] Consistent with *Jezyk*, *res judicata* bars NSC from seeking damages relating to the breach of Section 8.3 because NSC could have, but did not, split its Section 8.3 claim at the time of the JP Court Action. However, *res judicata* does not bar NSC's claim for Defendant Pizza University's alleged failure to fulfill its obligation under Section 19.2 to pay rent throughout the term of the Lease because that claim was not ripe at the time of the JP Court Action.

**WHEREFORE**, for the foregoing reasons, Defendants William Keeney and Marcia Hepps' Motion to Dismiss is **GRANTED in part, and DENIED in part.**

**IT IS SO ORDERED.**

Jan. R. Jurden, President Judge

---

[37] *Id.*

[38] JP Court Action Compl.

8