# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

CONSTANCE GARY,               )

    Plaintiff-Below/Appellant,   )

        v.                 )      C.A. No. CPU4-19-000365
                        )          (JP13-18-012947)

SOPHIA'S PLACE WEST and  )
GALMAN GROUP,          )

    Defendants-Below/Appellees.  )

AGNES WILLIAMS and      )
CONSTANCE GARY        )

    Defendants-Below/Appellants,  )

        v.                 )      C.A. No. CPU4-19-000365
                        )          (JP13-18-013350)

GALMAN SCOTCH HILLS 2015, LP, )

    Plaintiff-Below/Appellee.    )

Submitted: May 13, 2019
Decided: June 28, 2019

Constance Gary and Agnes Williams
98 Freedom Trail
New Castle, DE 19720
*Appellants, Pro Se*

David C. Zerbato, Esquire
Morton, Valihura & Zerbato, LLC
3704 Kennett Pike, Suite 200
Greenville, DE 19807
*Attorney for Galman Scotch Hills
2015 LP and Sophia's Place West*

## MEMORANDUM AND DECISION
## ON APPELLEE'S MOTION TO DISMISS

**SMALLS, C.J.**

1

## FACTS AND PROCEDURAL HISTORY

This is an appeal from the Justice of the Peace Court (hereinafter "JP Court") Judgment Order, issued on January 10, 2019, finding in favor of Defendant-below/Appellee, Galman Scotch Hills 2015 LP (hereinafter "Galman"). On November 7, 2018, Plaintiff-below/Appellant, Constance Gary (hereinafter "Gary"), filed a summary possession action in the JP Court seeking damages for retaliation and rent abatement (JP13-18-012947). On November 16, 2018, Galman, allegedly unaware of Appellants filing, filed its own summary possession action against Gary and Agnes Williams (hereinafter "Williams") for possession and back rent. Both cases were consolidated and a hearing was scheduled for January 10, 2019 (JP13-18-013350).

On January 10, 2019, Williams did not appear; thus, the JP Court entered default judgement against her. Gary appeared at the hearing and made a verbal motion to dismiss the action for failure to perfect service. However, the lower court denied Gary's motion on the basis that she subjected herself to personal jurisdiction by appearing for the hearing, and in addition, notice had not been returned to the court. After denying Gary's motion to dismiss, the JP Court offered Gary the opportunity to request a continuance; however, Gary elected to proceed to trial. It was noted during the proceeding that Gary and Williams surrendered possession on November 30, 2018. Thus, while the case was initiated as a summary possession action, it ultimately proceeded to trial that day as a debt action. The JP court found in favor of Galman.

Thereafter, On January 15, 2019, Gary filed a motion to vacate the judgement arguing she was never served a complaint or summons to appear to the hearing on January

2

10, 2019. Further, Gary claimed Galman fraudulently misrepresented that service had been perfected at the leased property she had vacated. Nonetheless, the JP Court issued an order on January 17, 2019 denying Gary's motion to vacate on the basis that it had already ruled on the matter and Gary failed to list a valid basis for the JP Court to vacate the judgment.

In addition, Williams also filed a motion to vacate the default judgement on January 15, 2019. Williams asserted she never resided at the leased property and was simply a co-signer for her daughter Gary. Furthermore, Williams claimed she supplied her address on the paperwork she filled out when she co-signed for the leased property. Thus, Williams argued Galman knew her correct address and acted fraudulently in obtaining default judgment against her. On July 16, 2019, the JP Court recorded an entry on the docket stating that a motion hearing with trial was to follow as to Williams. On January 17, 2019, a clerk for the JP Court updated Williams address in the system, and on January 24, 2019, the JP Court sent notice of the motion hearing, scheduled to be heard on February 19, 2019, as to Williams motion to vacate. However, on January 31, 2019, notice of the order on request for motion hearing sent to Williams was returned by the post office as the address was "not deliverable." On February 28, 2019, the JP Court issued a decision denying Williams motion to vacate. The JP Court stated that a hearing was held on February 19, 2019, regarding Williams motion to vacate default judgement. The court asserted there was no separate address listed for Williams and that Williams was listed as a tenant on the lease document. Further, the JP Court found proper service was mailed to the address indicated on the lease and posted on the door of the unit. Additionally, the court noted that Gary, her daughter, did not provide Williams with the notices sent to the property. Thus,

the court found Williams motion failed to meet the burden of proof regarding the issue of service, as well as show how the outcome would have been different.

On January 29, 2019, Gary appealed the JP Court decision to this Court naming Sophia's Place West and Galman Group as Appellees and asserted this Court has jurisdiction over the appeal.[1] Williams also filed an appeal to this Court on January 29, 2019 naming Gary as her co-Appellant and Galman as Appellee, but asserted no arguments.[2] On January 29, 2019, Gary and Williams (hereinafter "Appellants") filed a stay of execution until JP Court rendered an opinion. This Court granted the stay of execution until the completion of proceedings in the JP Court. On February 13, 2019, Appellees filed response to Gary's appeal from JP Court.[3] Appellees argue Gary failed to identify any new evidence or other basis to support a finding that the judgment should be vacated.

On April 10, 2019, Appellees filed a Motion to Dismiss Gary's appeal alleging lack of subject matter jurisdiction.[4] In its Motion, Appellees aver the case began as a summary possession action and must go to a three-judge panel in the Justice of the Peace Court.[5] Further, Appellees argue that the process and procedures followed throughout the case below was "employed with summary possession actions."[6] Moreover, Appellees contend the JP Court based its order and motion to vacate on the summary possession statutes.[7]

---

[1] CPU4-19-000366
[2] CPU4-19-000365
[3] Appellees response was only filed in the case ending in 366, which addresses Appellant Gary only.
[4] Appellees mot. was only filed in the case ending in 366, which address Appellant Gary only.
[5] Appellees' Br.
[6] *Id.*
[7] *Id.*

4

Therefore, Appellees argue this Court lacks jurisdiction to hear the matter under 25 *Del. C.* § 5717.[8] On May 10, 2019, Gary filed Response to Appellees Motion maintaining that this Court has jurisdiction over the debt, because the statute does not apply once the issue of summary possession is no longer at issue.[9] The Court heard the Motion on May 13, 2019 and reserved decision. This is the Court's opinion on Appellees Motion to Dismiss.

## LEGAL STANDARD

In considering motions to dismiss filed pursuant to *Court of Common Pleas Civil Rule 12(b)(6)*, the Court must assume that all well-pled facts in the complaint are true.[10] The complaint should not be dismissed unless "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof."[11] The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff."[12]

An appeal under the summary possession section of the Residential Landlord-Tenant Code is governed under 25 *Del. C.* § 5717, which provides that "a party to a summary judgment possession action must appeal within five days of the decision by requesting a trial *de novo* to be heard by a three-judge panel."[13] After receiving the request to appeal, the panel renders a "final judgment, by majority vote, on the original

---

[8] *Id.*

[9] Appellant's Resp.

[10] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).

[11] *Id.* (citations omitted).

[12] *Abdul-Ahad v. Nationwide Mut. Fire. Ins. Co.*, 2016 WL 4269512, at *2 (Del. Com. Pl. Aug. 10, 2016) (internal citations omitted).

[13] 25 *Del. C.* § 5717(a) (emphasis added).

5

complaint."[14] Once the panel renders a decision, "… any review is pursuant to a common law writ of certiorari to the Superior Court to correct errors on the face of the record."[15] However, debt and other matters ancillary to summary possession are subject to appeal to the Court of Common Pleas pursuant to 10 *Del. C.* § 9571, which provides for a trial *de novo*.[16]

## DISCUSSION

The JP Court has exclusive jurisdiction over summary possession actions pursuant to 25 *Del. C.* § 5701. If a party wishes to appeal a JP Court decision, it must appeal to a special court comprised of three justices of the peace in accordance with 25 *Del. C.* § 5717. Further, the decision of the special court is "final and no further appellate jurisdiction on the merits exists."[17] Appellees argue the case cannot be appealed to the Court of Common Pleas and thus, must be dismissed for lack of subject matter jurisdiction. In support of its argument, Appellees cite to a number of cases wherein the court did not permit the severing of summary possession and debt claims.[18]

In the case of *Neitzelt*, a landlord filed suit against a tenant in the JP Court for summary possession and debt.[19] The JP Court dismissed the case and the landlord appealed to this Court.[20] However, the *Neitzelt* Court found "if a party brings a summary possession

---

[14] *Id.*

[15] *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1207 (Del. 2008).

[16] See *Wise v. G-Town Partners, LP*, 2015 WL 246415, at *1 n.3 (Del. Com. Pl. Jan. 21, 2015).

[17] *Bomba's Rest. & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766 (Del. 1978).

[18] *Neitzelt v. Meera Management, LLC*, 2006 WL 1719976 (Del. Super. May 1, 2006); *Manufactured Homes Communities, Inc. v. Elmer Brown*, 1999 WL 1847440 (Del. Com. Jan. 22, 1999); *Dorsey v. Cochran*, 2011 WL 809854 (Del. Com. Jan. 31, 2011).

[19] *Neitzelt*, 2006 WL 1719976, at *1.

[20] *Id.*

6

and debt claim before the Justice of the Peace Court, the only option for appeal is to the three-judge panel pursuant to Section 5717. Neither party can elect to sever the summary possession claim from the debt claim, which were filed jointly before the Justice of the Peace Court, and appeal the debt claim to the Court of Common Pleas."[21]

In *Manufactured Home Communities*, the JP Court found in favor of a landlord and awarded possession together with back rent.[22] The tenant appealed the decision to this Court to sever the issue of possession and litigate the merits regarding his status as a tenant in an attempt to excuse liability; however, this Court found "[w]hen a combined action for possession and rent is filed, this claim must be asserted under the Landlord/Tenant Code in one suit. A "judgment" in a summary possession determines the rights of the parties. As claims for rent are includable with possession actions, the appeal is necessarily covered by the summary possession section, not the general appeals statue."[23]

Similarly, in *Dorsey*, a landlord filed suit in the JP Court for summary possession and unpaid rent.[24] The lower court found in favor of the landlord and the tenant appealed to this Court.[25] Nonetheless, this Court found that the matter below was indeed a summary possession proceeding and thus, the debt was not a separate action that this Court could exercise subject matter jurisdiction over.[26]

---

[21] *Id.* at *3.
[22] *Manufactured Home Communities*, 1999 WL 1719976, at *1.
[23] *Id.* at *2.
[24] *Dorsey*, 2011 WL 809854, at *1.
[25] *Id.*
[26] *Id.* at *3.

However, these cases cited by Appellees are factually distinguishable from the case at hand in where summary possession was not an issue at the time of trial. While both parties originally filed for summary possession, the matter went forward as a debt proceeding. This court finds the case of *Wise* to be factually synonymous to this case. In *Wise*, a landlord brought suit against a tenant for summary possession; however, the proceeding went to trial as a debt action.[27] The JP Court stated in its decision that "the tenant vacated; possession is no longer at issue."[28] This Court found the tenants appeal of the action to this Court was properly filed because in cases when "…possession is no longer at issue at the time of trial, and the action proceeds as a debt action, appeals should be made to the Court of Common Pleas. This longstanding practice is consistent with established Delaware precedent which states that appeals from Justice of the Peace Courts of matters ancillary to summary possession are within the jurisdiction of the Court of Common Pleas."[29]

Further, in the case of *Justice v. Emory Hill Real Estate Services, Inc.*, this Court stated "although a summary possession claim could be severed from a rent claim, to do so the appellant must state such in the appeal."[30] Moreover, the Superior Court stated "should only a rent claim be presented, then it could be appealed in the usual fashion."[31]

[27] *Wise*, 2015 WL 246415, at *1.
[28] *Id.*
[29] *Id.*
[30] *Speedy Key Lock & Two Service, LLC v. Moyer Park, LLC*, 2018 WL 4922895, at *2 (Del. Com. Pl. October 8, 2018) citing to *Justice v. Emory Hill Real Estate Services, Inc.*, 2011 WL 13175122, at *2 (Del. Com. June 22, 2011).
[31] *Manufactured Home Communities*, 1999 WL 1719976, at *2 citing to *Bomba's*, 389 A.2d at 770.

In the case here, the JP Court stated "possession is no longer an issue as both parties agree possession was surrendered to the Landlord..."[32] Thus, the proceeding in the JP Court went forward as a debt action. Furthermore, Gary specifically asserts in her appeal that this Court "has jurisdiction over this appeal as it is a debt action and summary possession is not an issue."[33] Thus, this Court finds *Wise* to be the controlling case with respect to the severance of a summary possession and debt case.

## CONCLUSION

Accordingly, Appellees Motion to Dismiss is DENIED and the appeal will be heard pursuant to 10 *Del. C.* § 9571.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

---

[32] *See* JP Ct. Notice of J. Order
[33] Appellant's Compl.

9