# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

Fisher Development Corporation, Nina )
Fisher & Michael Phouts )
)
)
Appellants, )
)
v. ) Case No. CPU4-19-003443
)
Christopher Tigani, )
)
Appellee. )

Submitted: November 9, 2020
Decided: December 11, 2020

Christopher Tigani
3391 Concord Pike PO Box 7752
Wilmington, DE 19803
*Appellee Pro Se*

Thomas C. Marconi Esq.
1813 N. Franklin Street, PO Box 1677
Wilmington, DE 19899
*Attorney for Appellant*

# ORDER ON MOTION TO DISMISS

**SMALLS, C.J.**

# FACTUAL AND PROCEDURAL HISTORY

This case arises from a landlord-tenant relationship gone awry. On December 30, 2018, Christopher Tigani, ("Appellee") and Fisher Development Corporation, ("Fisher"), entered into a lease agreement, for rental property located at 2831 Grubb Road, Wilmington, Delaware, 19810. However, shortly thereafter, Appellee fell behind on rent payments. On March 20, 2019, Fisher filed a summary possession action in the Justice of the Peace Court against Appellee, solely seeking possession of the rental property for failure to pay rent.

On April 29, 2019, a trial was held in the Justice of the Peace Court. The Justice of the Peace issued judgment in favor of Fisher for possession, with court cost and post judgment interest. When Appellee filed a timely appeal of that decision to the three-judge panel for a trial *de novo*, the panel found in favor of Fisher and granted Fisher possession of the rental property. On July 26, 2019 possession of the rental property was returned to Fisher. At no point during the course of this summary possession proceedings did Fisher seek monetary recover for the unpaid rent pursuant to the lease.[1]

On July 30, 2019, Appellee filed this replevin action in the Justice of the Peace Court alleging Fisher, Nina Fisher, and Michael Phouts, ("Appellants") wrongfully

---

[1] In their Order, the Justice of the Peace Court stated "While Plaintiff/Appellee would be entitled to pursue a claim for the sums agreed to in the Lease Agreement, Plaintiff/Appellee has sought no monetary recovery, but only possession of the rental property."

1

retained possession of Appellee's personal belongings following his eviction on July 26, 2019. On August 22, 2019 a trial was held in The Justice of the Peace Court. On September 30, 2019, Appellants, filed this *de novo* appeal pursuant to 10 Del. C. §9571 from the Justice of the Peace Court decision.

On October 10, 2019, Appellee filed his Complaint on appeal.[2] In his Complaint, Appellee alleged that he and Appellants came to an agreement as to how long he would have to move his belongings out of the rental property following his eviction from the premises. Appellee further alleged that Appellants subsequently violated this agreement and held his personal property unlawfully.

On December 9, 2019, Appellants filed an Answer asserting that Appellee failed to remove his property from the premises within 24 hours of the posting of the writ of possession as required by the landlord-tenant code and thus his property was deemed abandoned.

On March 29, 2020, Appellee filed a Motion for Leave to File an Amended Complaint to include additional facts and allegations regarding the Appellants' conduct. This motion was subsequently granted on July 20, 2020.

On July 21, 2020. Appellee filed an Amended Complaint which restated the allegations of the original. However, Appellee added additional claims, stating that

---

[2] Appellee's original Complaint was handwritten and subsequently stricken due to non-compliance with Court rules. On November 18, 2019, Appellee submitted an Amended Complaint consisting of the same facts that complied with Court rules.

2

the garage in which Appellants held his belongings was burglarized, that Appellant is still in possession of Appellee's belongings, which resulted in additional expenses in replacing the held items.

On August 3, 2020, Appellants filed an Answer to Appellee's Amended Complaint along with a counterclaim. Appellants' Answer avers that Appellants returned all of Appellee's belongings in their possession on May 2, 2020, however, admits that the garage in which Appellee's belongings were stored was burglarized. In the counterclaim, Appellants makes a claim in the amount of $28,000 for unpaid rent from the 2018 lease agreement that was the subject of the summary possession proceeding in the Justice of the Peace Court. In addition to the claim for unpaid rent, Appellants filed a counterclaim for moving and storage expenses incurred in the amount of $5,000.

On October 23, 2020, Appellee filed this instant Motion to Dismiss. In the motion, Appellee argues that Appellants' counterclaims are barred by the doctrine of res judicata and claim splitting because Appellants failed to raise their counterclaims at the time summary possession was sought.

On November 4, 2020, Appellants filed a response to Appellee's motion. Appellants argues that Appellee's motion misstates the applicable law on the doctrine of res judicata.

3

On November 9, 2020, The Court held a hearing on the motion. Following the hearing, decision was reserved.

## PARTIES' CONTENTIONS

Appellee argues Appellants are barred from now bringing their counterclaims because the claims were required to have been filed at the time Appellants brought the summary possession action but failed to do so. Appellee argues the principles of res judicata and claim splitting prohibit Appellants from proceeding with their counterclaims. Appellee cites to *McManus* v. *East Pointe Apartments* for the proposition that landlords must split their claims at the time they bring a summary possession action or be barred from later seeking unpaid rent.

Appellants argue that this is a permissible form of claim splitting because, due to the jurisdictional limit of the Justice of the Peace Court, they would not have been able to bring their rent claim in its entirety, because the amount of rent sought, exceeded the Justice of the Peace Court $15,000 limit. Thus, Appellants argue that under *Jezyk* v. *Brumbaugh*, their actions were appropriate. Lastly, Appellants argue that their claim for $5,000.00 in moving and storage expenses did not arise until after the resolution of the eviction case.

## LEGAL STANDARD

In considering motions to dismiss filed pursuant to CCP Civil Rule 12(b)(6), the Court must assume that all well-pled facts in the complaint are true.[3] The complaint should not be dismissed unless "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof."[4] "The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff.""[5]

"An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it." While the Court is required to accept only those 'reasonable inferences that logically flow from the face of the complaint,' [it] 'is not required to accept every strained interpretation of the allegations proposed by the plaintiff.' Moreover, the Court may dismiss a claim "if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law." Ultimately, "[d]ismissal is warranted only when 'under no reasonable interpretation

---

[3] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[4] *Id.*
[5] *Abdul-Ahad v. Nationwide Mut. Fire. Ins. Co.*, 2016 WL 4269512, at *2 (Del. Com. Pl. Aug. 10, 2016) (internal citations omitted).

of the facts alleged could the complaint state a claim for which relief might be granted.'"[6]

## DISCUSSION

Res judicata precludes the filing of a subsequent lawsuit where there has been a final judgment on the merits issued by a court of competent jurisdiction in a first suit involving the same parties and the same transaction which formed the basis of the suit.[7] The doctrine of claim splitting is a subset of the doctrine of res judicata.[8] This doctrine holds that in the interest of fairness, a plaintiff should present all of his or her theories for recovery relating to one transaction in a single action, rather than multiple suits in different courts or at different times.[9] Therefore, the rule prohibits litigants from harassing the same defendant by bringing multiple piecemeal lawsuits by the same plaintiff based on different theories of recovery arising from the same factual transaction.[10]

However, Delaware has recognized exceptions to the rule against claim splitting. In *Bomba's Restaurant & Cocktail Lounge, Inc.* v. *Lord De La Warr Hotel, Inc.*, the Delaware Supreme Court recognized that due to the monetary jurisdictional limit of the Justice of the Peace Court, at times there would be

---

[6] *Lawver v. Christiana Care Health System, Inc.*, 2016 WL 2610653, at *3 (Del. Com. Pl. May 6, 2016) (internal citations omitted).
[7] *Smith* v. *Guest*, 16 A.3d 920, 934 (Del. 2011).
[8] *Maldonado* v. *Flynn*, 417 A.2d 378, 382 (Del. Ch.).
[9] *Bradfield* v. *Unemployment Ins. Appeal Bd.*, 53 A.3d 301 (Del. 2012); *J.L.* v. *Barnes*, 33 A.3d 902, 918 (Del. Super.).
[10] *Winner Acceptance Corp.* v. *Return on Capital Corp.*, 2008 WL 5352063, at *18 (Del. Ch.).

summary possession proceedings in the Justice of the Peace Court and plenary actions "between the same parties over the same lease in another court."[11] Notwithstanding this exception, if a landlord fails to bifurcate their cause of action at the time they bring the summary possession action "he or she will thereafter be barred from later bringing a different claim arising out of the same transaction or occurrence."[12]

Appellee concludes that the phrasing "at the time" as written in the *McManus* opinion, indicates that Appellants were required to file their unpaid rent action at the same time as they filed their claim for summary possession in the Justice of the Peace Court. Appellants argue that under *Jezyk v. Brumbaugh*, their actions were appropriate because if they brought their rent claim in the Justice of the Peace Court, not only would they have been limited in the amount they could recover due to the $15,000 jurisdictional limit, but they would have subsequently been barred from seeking the remaining $13,000.

Appellee takes too narrow of an interpretation of the language in *McManus*. The opinion is not mandating there be an immediate temporal connection between the filings of the two cases, but that a landlord must split their cause of action at the time they file their summary possession claim so as not to proceed in the

---

[11] *Bomba's Rest. & Cocktail Lounge, Inc.* v. *Lord De La Warr Hotel, Inc.*, 389 A.2d 766, 770 (Del. 1978).
[12] *McManus* v. *E. Pointe Apartments*, 2017 WL 1401330, at *5 (Del. Super.), as amended (May 17, 2017).

Justice of the Peace Court with a rent claim that is over the jurisdictional limit. This conclusion is further supported by *Jezyk* v. *Brumbaugh*. In *Jezyk*, the Superior Court ruled that a litigant who voluntarily proceeded in the Justice of the Peace Court with a summary possession action *and* an action for delinquent rent in excess of the Court's jurisdictional limit was precluded from seeking additional rent in a different court.[13]

Appellants are correct in their argument that bringing the rent portion of their cause of action in the Justice of the Peace Court would have restricted the amount of rent they could have recovered. However, a landlord may not simply save their claim, and proceed when the defendant least expects it, particularly in light of the principle behind res judicata that "no persons should be unnecessarily harassed with a multiplicity of suits."[14] In this case, there was no indication that there was a reservation of the claim in the Justice of the Peace Court. Bringing the claim now, nearly seventeen months after the initial filing of the summary possession action, is too late. Although a litigant need not immediately file the cases simultaneously, they may not save and sit on the rent claim and bring it so as to surprise a defendant. Therefore, I find that Appellants are barred from bringing their claim for unpaid rent.

---

[13] *Jezyk* v. *Brumbaugh*, 1995 WL 264555, at *12 (Del. Super.).
[14] *J.L.* v. *Barnes*, 33 A.3d 902, 918 (Del. Super.).

8

However, I find that Appellants may proceed with their claim for moving and storage expenses. This claim arose subsequent to the summary possession action and because this case is before the Court on *de novo* appeal, I find that it is not barred and Appellants may proceed with their claim in the amount of $5,000 for moving and storage expenses.

## CONCLUSION

ACCORDINGLY, Appellee's Motion to Dismiss Appellant's Counterclaims is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

_____
Alex J. Smalls,
Chief Judge

9