**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

SPEEDY KEY LOCK & TOW )
SERVICE, LLC, )
                       )      Case No. CPU4-17-001124
       Defendant-Below, Appellant, )
                       )
       v. )
                       )
MOYER PARK, LLC, )
                       )
       Plaintiff-Below, Appellee. )

Submitted:     July 13, 2018
Decided:       October 8, 2018

Albert M. Greto, Esquire
Greto Law
715 North Tatnall Street
Wilmington, DE 19801
*Attorney for Appellant*

Josiah R. Wolcott, Esquire
Connolly Gallagher LLP
267 East Main Street
Newark, Delaware 19711
*Attorney for Appellee*

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF-BELOW/APPELLEE'S MOTION TO DISMISS**

Defendant-Below/Appellant, Speedy Key Lock & Tow Service, LLC (hereinafter "Speedy Key"), appeals a Justice of the Peace Court 13 ("JP Court") Order dated February 23, 2017. In the court below, Plaintiff-Below/Appellee, Moyer Park, LLC (hereinafter "Moyer Park"), brought a summary possession action against Speedy Key based on breaches of a commercial real estate lease. Moyer Park prevailed and obtained a writ of possession and Speedy Key moved to vacate the writ of possession which was denied. In the order denying Speedy Key's motion, the court below granted Speedy Key permission to retrieve certain vehicles from the premises. Thereafter, Speedy Key filed a motion for rule to show cause, alleging difficulty in obtaining the vehicles from

1

Moyer Park and requesting relief. The JP Court Order dated February 23, 2017, the order being appealed, granted Speedy Key relief by allowing them twelve additional calendar days to retrieve their vehicles. Now Moyer Park brings this Motion to Dismiss alleging the Court of Common Pleas does not have subject matter jurisdiction over a matter concerning summary possession and that the appeal was not timely filed.

On July 13, 2018, a motion hearing was held and the issues regarding jurisdiction and timeliness were presented to the Court. At the conclusion of the hearing, the Court took the matter under advisement. This is the Final Decision and Order of the Court on Moyer Park's Motion to Dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Moyer Park entered into a commercial lease with Speedy Key for the lease of gated acreage on which Speedy Key would store repossessed vehicles. Upon breaches of the lease agreement, Moyer Park sought summary possession in JP Court on July 1, 2016. On September 28, 2018, the parties entered into a stipulated agreement which stated that Speedy Key would vacate the premises and return possession to Moyer Park by October 10, 2016 and failure to do so would result in an immediate writ of possession of the premises.

Upon Speedy Key's failure to timely vacate the premises in accordance with the stipulation, Moyer Park filed a notice of default and obtained immediate possession. On October 31, 2016, a writ of possession was issued pursuant to Moyer Park's request and the constable later delivered possession of the premises to Moyer Park on November 3, 2016. On November 15, 2016, Speedy Key moved to vacate the writ of possession without disputing Moyer Park's right to possession of the premises. Instead, Speedy Key raised issues with service of the notice of eviction and requested additional time to remove vehicles from the property. In an order dated December

2

21, 2016, JP Court denied Speedy Key's motion to vacate, but ordered Speedy Key to provide Moyer Park's attorney with a list of vehicles owned by family members to be retrieved by January 6, 2017. Such list, containing 27 vehicles, was furnished by Speedy Key to Moyer Park. On February 2, 2017, Speedy Key filed a motion for rule to show cause alleging difficulties in obtaining the vehicles from Moyer Park. In an Order dated February 23, 2017, JP Court granted Speedy Key an additional 12 calendar days (7 business days) to remove the 27 listed vehicles, making the new deadline March 1, 2017. A delay in the entry of the February Order prevented Speedy Key from providing proof of the order to a third party holder of the vehicles, thus resulting in Speedy Key's inability to comply with the deadline. As a result, JP Court issued a modified order on March 2, 2017, extending Speedy Key's time for removing the vehicles to March 15, 2017. This appeal of the February Order followed on March 13, 2017.

## PARTIES' CONTENTIONS

Moyer Park argues that the Court of Common Pleas does not have subject matter jurisdiction over summary possession matters because summary possession is within the exclusive jurisdiction of the Justice of the Peace Court pursuant to 25 *Del. C.* § 5701. Moyer Park argues that an appeal of a summary possession action must go before a three-judge panel in JP Court pursuant to 25 *Del. C.* § 5717(a). Moyer Park relies on three cases[1] in making their argument. Alternatively, Moyer Park argues that the appeal should be dismissed as untimely under *10 Del. C. § 9571* even if the Court finds jurisdiction to exist.[2]

---

[1] *Bomba's Rest. & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766 (Del. 1978) (finding summary possession actions cannot be appealed to higher courts); *Alexander v. Harvey*, 2016 WL 6301230 (Del. Super. 2016) (finding that summary possession cannot be severed even if summary possession becomes moot before trial); *Manufactured Home Communities, Inc. v. Elmer Brown*, 1999 WL 1847440 (Del. Com. Jan. 22, 1999) (finding that severance of summary possession actions is not permitted by law).

[2] *See* Appellee's Mot. to Dismiss at 3-4 (arguing that March 10, 2017 should have been the 15 day cut off for filing the appeal).

3

In opposing the Motion to Dismiss, Speedy Key argues that jurisdiction is proper because contract law should be applied rather than the Residential Landlord-Tenant Code as 25 *Del. C.* § 5101(b)[3] excludes commercial leases. As to the timeliness of the appeal's filing, Speedy Key argues that the appeal was originally filed by prior counsel, who is no longer with the firm, on February 28, 2017, five days after the final judgment order on February 23, 2017. Speedy Key provided a record of the filings showing that a rejection notice from the File & Serve system was received on March 6, 2017, while counsel was out of the office. Upon discovery of the rejection, Speedy Kay asserts prior counsel successfully refiled the appeal on March 13, 2017.

## DISCUSSION

### I. Jurisdiction

The issue here poses a unique question. Does the Court of Common Pleas have subject matter jurisdiction over a tenant's retrieval of property as a result of a summary possession action? The answer is no. Delaware courts have wrestled with the idea of severing ancillary issues from summary possession matters and authority disallows such severance. Most often, the courts have come to this conclusion after contemplating severance of a summary possession action from its associated debt action. This case is unique in that Speedy Key does not wish to sever a debt action from the summary possession action. Rather, Speedy Key wishes to sever an issue related to their retrieval of property as a result of a summary possession action. Severance of this nature finds no support in Delaware law.

---

[3] "Any rental agreement for a commercial rental unit is excluded from this Code. All legal rights, remedies and obligations under any agreement for the rental of any commercial rental unit shall be governed by general contract principles; and only Chapter 57 of Title 25 and Part IV of Title 25 shall have any application to commercial rental agreements."

4

There are a couple cases from this Court that discuss scenarios where severance would be deemed proper, but these scenarios are distinguishable from the present matter. The first case is *Justice v. Emory Hill Real Estate Services, Inc.*,[4] in which the Court of Common Pleas stated that although a summary possession claim could be severed from a rent claim, to do so the appellant must state such in the appeal. The Court found that since the appellant had merely stated in her appeal filing that she was appealing a decision from JP Court dated January 31, 2011, severance was not permitted.[5] Like the facts in *Justice*, Speedy Key only states in their appeal filing that they are appealing a JP Court decision dated February 23, 2017. The second case, also in the Court of Common Pleas, *Wise v. G-Town Partners, LP*,[6] found that an order that explicitly states "possession is no longer at issue" and "[t]he matter went forward as a debt action" will sever the ancillary issue, deeming jurisdiction proper in the Court of Common Pleas.[7] In contrast, there is no such language in the February 23, 2017 Order from which Speedy Key appeals. In fact, the February Order directly addresses the summary possession matter and the timing for Speedy Key's retrieval of property on the premises in question. One could argue that the issue of possession of the leased premises had become moot prior to the issuance of the February Order due to Speedy Key's failure to contest the possession of the premises and the resulting possession obtained by Moyer Park. Although such argument would undoubtedly fail, as retrieval of property by the tenant is a direct consequence of a summary possession action which is addressed by the summary possession section of the Residential Landlord-Tenant Code.[8]

---

[4] *Justice v. Emory Hill Real Estate Servs., Inc.*, 2011 WL 13175122, at *2 (Del. Com. June 22, 2011).
[5] *Id.*
[6] *Wise v. G-Town Partners, LP*, 2015 WL 246415, at *1 (Del. Com. Jan. 20, 2015), as revised (Jan. 21, 2015).
[7] *Id.*
[8] 25 *Del. C.* § 5715(e).

The third case in this Court, *Manufactured Home Communities, Inc. v. Elmer Brown*,[9] followed Superior Court precedent[10] finding that rent claims, which are covered by the summary possession section of the Residential Landlord-Tenant Code, are not governed by the general appeals statute.[11] This Court, in effect, said that because of the inclusion of the rent claim in the summary possession section of the Residential Landlord-Tenant Code, the two could not be separated regardless of the tenant's wish to concede the possession portion of the proceedings. The Court said "subject matter jurisdiction is conferred by the law, not a party."[12] Similarly here, the issue of a tenant retrieving property from the premises as a result of a summary possession action is governed by the summary possession section of the Residential Landlord-Tenant Code.[13] Further, a tenant's retrieval property is so intertwined with the summary possession claim that there is no other claim required to arrive at this consequence. This is unlike an action for rent associated with a summary possession claim which requires that "debt" be checked off as if it were a separate action on the JP Court complaint form.

Due to the Court's inability to find that the facts of this case meet the loopholes set forth in *Justice*, *Wise*, or *Brown*, Speedy Key's appeal is not properly brought in the Court of Common Pleas. Precedent, in conjunction with the aforementioned cases, supports this decision. The Delaware Supreme Court in *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr*

---

[9] *Manufactured Home Communities, Inc.*, 1999 WL 1847440, at *2.

[10] "It has long been the law in Delaware, notwithstanding the appeal statute for debt, that appeals to the Superior Court do not lie in suits for possession and rent in 'Hold Over Tenant' cases. *David v. Frantz*, 7 Boyce 293, 105 A. 837 (Super.Ct.1919). Nothing in the new statute, 58 Del. Laws Ch. 472, suggests the legislature desired to change the law. Indeed, the extraordinary provision for an appeal to a three justice court within the Justice of the Peace system evidences an express legislative intent to keep such matters out of the Superior Court. If this construction of Delaware statutes was questionable when adopted over fifty years ago, in light of continued legislative acceptance of the construction, it is now too well established to be altered by Court decision." *Woodlawn Trustees, Inc. v. Billips*, 5415 C.A. 1972 (1972).

[11] *Manufactured Home Communities, Inc.*, 1999 WL 1847440, at *2.

[12] *Id.*

[13] 25 *Del. C.* § 5715(e).

6

*Hotel, Inc.,*[14] held that an appeal from a summary possession proceeding is not proper before this Court. The Superior Court in *Neitzelt v. Meera Management, LLC,*[15] also reiterated this ruling that there shall be no severance of a summary possession action and an associated debt action. Most recently, in *Alexander v. Harvey,*[16] the Superior Court affirmed the Court of Common Pleas' dismissal of an appeal of a summary possession action from JP Court. The Superior Court reasoned that summary possession and debt actions cannot be severed even if summary possession becomes moot before trial. It is for the foregoing reasons that the Court finds it lacks jurisdiction to hear Speedy Key's appeal.

## II.    Timeliness of Appeal

As to the timeliness of the appeal's filing, the use of File & Serve creates new dilemmas for the courts to decide. In the instant matter, Speedy Key timely filed the initial appeal via File & Serve on February 28, 2017, five days after the February 23, 2017 Order, but it was rejected for submitting the summons as an attachment. File & Serve did not send a notice of rejection to counsel until March 6, 2017, at which time counsel was out of the office. U pon reasonable discovery of the rejection, counsel for Speedy Key successfully refiled the appeal on March 13, 2017.

This Court in *New Castle Auto Auction & Consignments, Inc. v. Riley,*[17] found that a case shall not be dismissed for untimeliness if the filing delay was caused by the File & Serve system in providing counsel with notice of rejection and counsel remedied the issue within a reasonable

---

[14] 389 A.2d 766 (Del. 1978) (stating that a tenant retains the "right to litigate all controversies, over the lease, other that [the] right to possession, in a court of competent jurisdiction.").
[15] 2006 WL 1719976, at *2 (Del. Super. May 1, 2006).
[16] 2016 WL 6301230, at *4 (Del. Super. Oct. 25, 2016).
[17] 2014 WL 12684816, at *1–3 (Del. Com. Dec. 1, 2014).

time. Like the instant matter, the Court in *Riley* said, "[i]n reviewing the record, the Court finds that the rejection notice from the Court's electronic filing system has played a significant role in deciding the issue before the Court."[18] In the present matter, counsel for Speedy Key submitted the initial filing of the appeal on February 28, 2017 and the File & Serve system did not send counsel notice of rejection until six days later on March 6, 2017. As counsel was out of the office at that time, it appears reasonable that counsel successfully refiled within a week's time on March 13, 2017.

Since 25 *Del. C.* § 5717(a) requires that appeals to a three-judge panel from summary possession proceedings to occur within 5 days of the final judgment and 10 *Del. C.* § 9571 requires appeals from Justice of the Peace Courts to be taken within 15 days of the final judgment, Speedy Key's appeal is timely as the initial filing was within 5 days of the February 23, 2017 judgment and the delay is forgivable for the reasons previously stated.

### III. Residential Landlord-Tenant Code and Commercial Leases

Speedy Key's contention that the Residential Landlord-Tenant Code shall not control commercial leases does not apply here. Speedy Key only partially cites to 25 *Del. C.* § 5101(b) which provides that a rental agreement is excluded from the Code, but omits the pertinent clause which states that Chapter 57 (Summary Possession) of Title 25 shall apply to commercial agreements. Further evidence is the applicability of Title 25 to the commercial lease dispute in *Bomba's Restaurant* involving summary possession.

---

[18] *Id.*

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** this 8th day of October, 2018, that Appellee's Motion to Dismiss be **DENIED** and the case be transferred to the Justice of the Peace pursuant to 10 *Del. C.* § 1902 for decision by a three-judge panel.

The Honorable Carl C. Danberg
Judge

cc:     Tamu White, Judicial Case Management Supervisor

9