**CAPANO INVESTMENTS, a Delaware Partnership, Successor in Interest to Midway Shopping Center, Inc., Plaintiff in Error, Plaintiff Below, Appellant,**

v.

**Morris LEVENBERG, William S. Rowe, Jr., and David R. Skelley (Justices of the Peace, sitting as a Magistrate Panel pursuant to 25 Del.C. § 5717, at Justice of the Peace Court No. 13), Defendants in Error Below, Appellee,**

v.

**JACK ECKERD CORPORATION, a Delaware Corporation, Successor in Interest to Eckerd's of Delaware, Inc., Real Party In Interest, Defendant Below, Appellees.**

Supreme Court of Delaware.

Submitted: Sept. 6, 1989.
Decided: Sept. 11, 1989.

George H. Seitz (argued) and Kevin G. Healy, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellant.

Steven J. Rothschild (argued) and Jean C. Kissane, of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for appellee Jack Eckerd Corporation.

Before CHRISTIE, C.J., and MOORE and WALSH, JJ.

PER CURIAM.

■ Capano Investments (Capano) appeals a decision of the Superior Court, denying the issuance of a writ of certiorari to review a decision of a Justice of the Peace Court reached under 25 *Del.C.* § 5717(a). Capano had sought summary possession of certain real estate, and a three judge special court rendered a unanimous decision for the tenant, Jack Eckerd Corporation. Ultimately, Capano sought review of these proceedings in the Superior Court by writ of certiorari. In the certiorari proceedings Capano sought review of the substantive rulings of the Justice of the Peace Court. We agree with the Superior Court that it had no jurisdiction to issue the writ under these circumstances. Accordingly, we affirm.

The appellate jurisdiction of Delaware courts is limited by the Delaware Constitution and statutes. *Shoemaker v. State* Del.Supr., 375 A.2d 431, 435–36 (1977). *See also* Del. Const. art. IV, § 28; Del. Const. art. IV, § 11(1)(b). The right of appeal in summary possession actions is so limited. 25 *Del.C.* § 5717 (1975 & Supp.1988).

■ This Court has long held that no appeal may be taken to Superior Court in summary possession actions. *Bomba's Rest. & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, Del.Supr., 389 A.2d 766, 769 (1978). *See also Woodlawn Trustees, Inc. v. Billips*, Del.Super., C.A. No. 5415, slip op. at 1 (Dec. 26, 1972) (Quillen, J.). Since those decisions, the General Assembly has amended the summary possession statute to provide for appeal to a special three judge court. The current statute reads:

> With regard to nonjury trials, a party aggrieved by the judgment rendered in such proceeding may request in writing within 5 days after judgment a trial de novo before a special court comprised of 3 justices of the peace other than the justice of the peace who presided at trial, as appointed by the Chief Magistrate or his designee, which shall render *final judgment* by majority vote, on the original complaint within 10 days after such request for a trial de novo.

25 *Del.C.* § 5717(a) (1975 & Supp.1988) (emphasis added). The new statute, however, was not deemed to confer a right of appeal to Superior Court, particularly in light of the language regarding "final judgment." *Marcopulos v. Eastburn*, Del.Super., C.A. No. 84C–FE–39, slip op. at 4–5 (Jan. 29, 1985) (Stiftel, J.); *Alford v. Brandywine Mills Historic Assocs.*, Del.Super., C.A. No. 86C–AP–131, slip op. at 4, 1988 WL15399 (Feb. 4, 1988) (Babiarz, J.).

The judgment of the Superior Court is AFFIRMED.