# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

LARRY B. WISE,           )
                                    )
                                    )
    Defendant-below/Appellant,    )
                                    )
        v.                  )     C.A. No. CPU4-14-000699
                                    )
G-Town Partners, LP,       )
                                    )
    Plaintiff-below/Appellee.    )

Submitted: December 19, 2014
Decided: January 20, 2015
Revised: January 21, 2015

Larry B. Wise
828 N. Monroe Street
Wilmington, DE 19801
*Appellant, pro se*

Michael P. Morton, Esquire
3704 Kennett Pike, Suite 200
Greenville, DE 19807
*Counsel for Appellee*

# DECISION ON APPELLANT'S MOTION FOR DEFAULT JUDGMENT AND APPELLEE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**RENNIE, J.**

## PROCEDURAL BACKGROUND

This is an appeal from a March 11, 2014 Justice of the Peace Court judgment order finding in favor of Plaintiff-below/Appellee, G-Town Partners, LP ("G-Town") in the amount of $1,990.00, plus post-judgment interest and costs. The case was initiated as a summary possession action, but proceeded to trial as a debt action. Defendant-below/Appellant Larry B. Wise ("Wise") filed an appeal to the Court of Common Pleas on March 21, 2014. G-Town failed to file the Complaint on appeal. On November 14, 2014, Wise filed a motion for default judgment. G-Town retained legal counsel and filed a response to the motion for default judgment, and also filed a motion to dismiss for lack of subject matter jurisdiction. The Court heard the motions on December 19, 2014, and reserved decision. This is the Court's opinion on the relief sought by the parties.

## FACTS

The Justice of the Peace Court issued its decision on March 11, 2014. Notably, even though the case began as a summary possession action, the Court noted in its order that "[t]he matter went forward as a debt action." As a result, Wise filed an appeal with this Court on March 21, 2014, within the fifteen-day deadline for appeals to this Court. On March 24, 2014, the Court of Common Pleas Clerk's office notified Wise that his appeal was incomplete, and that he had until March 31, 2014 to cure the deficiencies.[1] Wise cured the deficiencies by March 31, 2014. On April 2, 2014, service of the appeal was perfected upon G-Town; however, G-Town failed to file its Compliant on appeal as required by Court of Common Pleas Civil Rule 72.3(b).[2] As a result, on November 14, 2014, Wise moved for default judgment.

On December 17, 2014, G-Town filed a response to the motion for default judgment, and also moved to dismiss the appeal for lack of subject matter jurisdiction. In its motion, G-Town

---

[1] The notice states that Wise's appeal was deficient for his failure to (1) file the notice of appeal at the Justice of the Peace Court; (2) pay the filing fee of $135.00 in the Court of Common Pleas; and (3) pay the $30.00 service fee to the Sherriff of New Castle County.

[2] The docket reflects that no other action was taken in this case until Wise filed the instant Motion for Default Judgment.

contends that, because the case began as a summary possession suit, Wise's only option on appeal was to appeal to a three-judge panel in the Justice of the Peace Court within the five day window allowed by 25 *Del. C.* §5717.[3] G-Town argues that the Court of Common Pleas cannot exercise jurisdiction because this case began as a summary possession action. Thus, G-Town seeks dismissal of the appeal for lack of subject matter jurisdiction. G-Town also argues that Wise's appeal to this Court was untimely because his notice of appeal was incomplete, and his later curing of the deficiencies fell beyond the fifteen day deadline for appeals to the Court of Common Pleas.

## DISCUSSION

The Court is called upon to determine two issues: (1) whether it should grant G-Town's motion to dismiss for lack of subject matter jurisdiction, and (2) whether it should grant Wise's motion for default judgment for failure by G-Town to file the complaint on appeal.

### A. G-TOWN'S MOTION TO DISMISS

G-Town makes two arguments in support of its motion to dismiss for lack of subject matter jurisdiction. First, G-Town contends that Wise should not have appealed the Justice of the Peace Court ruling to the Court of Common Pleas because it originated as a summary possession action. This argument fails because the Justice of the Peace Court, in its written ruling on the case, stated that "the tenant vacated; possession is no longer at issue. The matter went forward as a debt action."[4] In Justice of the Peace Court cases when summary possession is no longer at issue at the time of trial, and the action proceeds as a debt action, appeals should be made to the Court of Common Pleas. This practice is consistent with established Delaware precedent which states that appeals from Justice of

---

[3] Under *25 Del. C. §5717,* when a party appeals from a summary possession action the appeal is directed to a panel of three Justices of the Peace. *Capano Investments v. Levenberg,* 564 A.2d 1130, 1131 (Del. 1989). To the contrary, debt and other matters ancillary to summary possession are appealed to the Court of Common Pleas. 10 *Del. C.* § 9571.

[4] *See* Notice of Judgment by Argument (Justice of the Peace Court No. 13, Mar. 11, 2014).

the Peace Courts of matters ancillary to summary possession are within the jurisdiction of the Court of Common Pleas.[5] Thus, Wise properly filed his appeal of the debt action to this Court.

Second, G-Town argues that even if the appeal was properly filed in the Court of Common Pleas, the appeal is untimely. G-Town acknowledges that Wise filed the notice of appeal within the fifteen-day deadline for appeals to this court. However, because Wise was required to cure certain deficiencies with the appeal which were not completed until after the fifteen-day deadline, G-Town asserts that the appeal is untimely. In other words, G-Town takes the position that the clock for the fifteen-day deadline to file an appeal continues to run even after a notice of appeal is filed and does not end until all actions incident to the filing of the notice of appeal are completed. Thus, according to G-Town, even if all deficiencies are cured, they must be cured within the original fifteen-day deadline for appeals, notwithstanding the deadline set forth in the Clerk of Court's notice of incomplete appeal. This argument fails.

It is well established that the timely filing of a notice of appeal is the operative action to confer jurisdiction on an appellate court.[6] To the extent that there are any deficiencies, a notice of incomplete appeal is sent to the appellant with a deadline to cure the defect. For example, in *Porter and D&S Catering, LLC v. Doherty & Associates, Inc.*, this Court held that the defendant-below/appellant's filing of an incomplete notice of appeal that was cured within the ten days specified in the notice of incomplete appeal issued by the clerk's office conferred jurisdiction on the Court.[7] Thus, as long as the defect is cured within the timeframe outlined in the notice of incomplete appeal, the appeal will be deemed effective and timely.

There is no dispute that Wise filed a notice of appeal in the Court of Common Pleas within the fifteen-day deadline required by statute. Wise, however, failed to pay the requisite fees on appeal

---

[5] *Bomba's Restaurant & Cocktail Lounge, Inc. v. Lord De La Warr Hotel, Inc.*, 389 A.2d 766 (Del. 1978).

[6] *Preston v. Bd. of Adjustment of New Castle County*, 772 A.2d 787, 791 (Del. 2001)("the filing of a notice of appeal within the prescribed period confers jurisdiction on the appellate court, which will not dismiss the appeal for a defect that does not result in a substantial prejudice to a party in interest").

[7] 2014 WL 6804723, at *2 (Del. Com. Pl. Oct. 15, 2014).

and failed to file the notice of appeal with the Justice of the Peace Court. As a result, the Clerk's office for the Court of Common Pleas sent a notice to Wise informing him that his appeal was incomplete, and that unless he cured the defects within ten days of the "clock –in date" of March 21, 2014, the appeal would be dismissed without further notice. Wise cured the defects on March 31, 2014 – the last day to do so.

Therefore, because Wise's notice of appeal was filed within the fifteen-day deadline for appeals to the Court of Common Pleas, and he cured all deficiencies outlined in the notice of incomplete appeal within the prescribed deadline, his appeal is timely. Accordingly, G-Town's Motion to Dismiss is **DENIED**.

### B. WISE'S MOTION FOR DEFAULT JUDGMENT

Wise seeks default judgment for G-Town's failure to file the complaint on appeal.[8] Court of Common Pleas Civil Rule 55(b)(2) sets forth the standard for motions for default judgment, and provides that "when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules… judgment by default may be entered by… the Court."[9]

In response to Wise's motion, G-Town states that although it failed to file the complaint on appeal as required, if its motion to dismiss is denied, it will file the complaint on appeal within the time directed by the Court. G-Town's failure to file the complaint on appeal does not deprive the Court of jurisdiction.[10] The Court notes that G-Town hired counsel and has appeared in this proceeding, albeit late, to defend against Wise's motion. Moreover, Wise has not argued or demonstrated that he will suffer any undue prejudice if the case is allowed to proceed on the merits.

---

[8] Court of Common Pleas Civil Rule 72.3(b) reads in relevant part: "…When the Appellee is the party having the duty of filing the complaint or other first pleading on appeal, the Appellee shall serve a copy of such pleading within twenty days after service of the process on appeal…"

[9] CCP Civ. R. 55(b)(2).

[10] *Stoltz Management of Delaware, Inc. v. Justice of the Peace Court of the State of Delaware*, 2001 WL 1557486, at *1 (Del. Com. Pl. Jan. 25, 2001) (quoting *PNC Bank, Delaware v. Hudson*, 687 A.2d 915 (Del. 1997).

In this instance, the Court will exercise its discretion and allow G-Town to file the complaint on appeal within five days of this opinion. [11] Accordingly, Wise's motion for default judgment is **DENIED.**

## CONCLUSION

For the foregoing reasons, Wise's Motion for Default Judgment is **DENIED.** G-Town's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED.** G-Town is ordered to file the complaint on appeal within five days of this opinion.

**IT IS SO ORDERED this 21ˢᵗ day of January, 2015.**

_____
The Honorable Sheldon K. Rennie,
Judge

---

[11] This Court's ruling is consistent with Delaware's strong judicial policy of deciding cases on the merits and giving parties to litigation their day in court.

6